```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - -:
LUIS FELIPE MORENO-GODOY,               :   14 Civ. 7082 (PAE) (JCF)
                                        :
                Plaintiff,              :       MEMORANDUM
                                        :       AND  ORDER
     - against -                        :
                                        :
GALLET DREYER & BERKEY, LLP, ROGER      :
L. STAVIS, ESQ., and STEVEN R.          :
KARTAGENER, ESQ.,                       :
                                        :
                Defendants.             :
- - - - - - - - - - - - - - - - - - - -:
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE
```

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/4/16

The plaintiff, Luis Felipe Moreno-Godoy, brings this action against the law firm of Gallet Dreyer & Berkey, LLP ("GDB"), and attorneys Roger Stavis and Steven Kartagener. The plaintiff has moved for leave to file an amended complaint. For the following reasons, the motion is granted.

Background

A detailed discussion of the factual background is set forth in a prior opinion of the Honorable Paul A. Engelmayer, U.S.D.J., Moreno-Godoy v. Gallet Dreyer & Berkey, LLP, No. 14 Civ. 7082, 2015 WL 5737565 (S.D.N.Y. Sept. 30, 2015). The following facts contained in the complaint are taken as true.

On December 9, 2009, Luis Felipe Moreno-Godoy and Monzer Al Kassar contracted with Mr. Stavis to represent them on criminal appeals for a "flat fee" of $125,000, which they paid immediately. (Complaint ("Compl.") at 5; Letter of Roger L. Stavis dated Dec.

1

9, 2009, attached as Exh. A to Compl.). On February 11, 2009, Mr. Godoy and Mr. Al Kassar executed a letter agreement also retaining Mr. Kartagener for a "flat fee" of $100,000. (Compl. at 6; Letter of Steven R. Kartagener dated Feb. 11, 2009, attached as Exb. B to Compl.). Mr. Kartagener was to be the third attorney on the case, along with Mr. Stavis and Ira Sorkin. (Compl. at 6). Members of Mr. Al Kassar's family -- acting on behalf of both defendants -- immediately paid Mr. Kartagener, but the payment was made with Mr. Godoy's money. (Compl. at 6).

However, on January 29, 2010, Mr. Stavis informed Mr. Godoy that Mr. Kartagener could not be Mr. Godoy's lawyer. (Compl. at 6; Letter of Roger L. Stavis dated Jan. 29, 2010 ("1/29/10 Stavis Letter"), attached as Exh. C to Compl.). Furthermore, Mr. Stavis stated, "If you and Monzer are agreeable I will represent both of you on the appeal," even though Mr. Stavis had already contracted to represent Mr. Godoy and Mr. Al Kassar in all appeals. (Compl. at 7; 01/29/10 Stavis Letter). Mr. Godoy then sent a letter to Mr. Kartagener, requesting the immediate return of the $100,000 retainer; however, Mr. Kartagener never responded. (Compl. at 8; Letter of Luis Felipe Moreno-Godoy dated Feb. 7, 2010, attached as Exh. D to Compl.).

Several letters later, Mr. Stavis stated that Mr. Godoy and Mr. Al Kassar had agreed that Mr. Stavis should keep the retainer fee that was paid to Mr. Kartagener. (Compl. at 10-11). Mr. Godoy

2

responded in a letter dated April 9, 2010, stating that he had never so agreed and requesting that Mr. Stavis return the money immediately. (Compl. at 12; Letter of Luis Felipe Moreno-Godoy dated April 9, 2010, attached as Exh. I to Compl.). Mr. Stavis sent a letter, dated April 13, 2010, stating that he would not relinquish the $100,000. (Compl. at 11; Letter of Roger L. Stavis dated April 13, 2010, attached as Exh. K to Compl.). The plaintiff alleges that even though Mr. Stavis had already been contracted and paid to bring the appeals for $125,000, he kept Mr. Kartagener's $100,000 retainer without Mr. Godoy's consent. (First Amended Complaint ("Amend. Compl."), attached as Exh. B to Declaration of Noam Biale dated July 14, 2016, ¶ 32).

Procedural History

Mr. Godoy filed the original complaint pro se on August 4, 2014, claiming breach of contract, breach of fiduciary duty, and malpractice against Mr. Stavis, GDB, and Mr. Kartagener. (Compl. at 1). On September 30, 2015, Mr. Godoy's claims for breach of fiduciary duty and malpractice were dismissed. Moreno-Godoy, 2015 WL 5737565, at *1. On December 1, 2015, pro bono counsel appeared for Mr. Godoy.

On July 14, 2016, the plaintiff filed the instant motion to amend the complaint to add claims for unjust enrichment, money had and received, and constructive trust against GDB and Mr. Stavis.

3

The amended complaint omits claims for breach of fiduciary duty and malpractice.

Discussion

Rule 15 of the Federal Rules of Civil Procedure provides that courts should "freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2); see also Foman v. Davis, 371 U.S. 178, 182 (1962); Aetna Casualty & Surety Co. v. Aniero Concrete Co., 404 F.3d 566, 603-04 (2d Cir. 2005). "This permissive standard is consistent with '[the Second Circuit's] strong preference for resolving disputes on the merits.'" Williams v. Citigroup Inc., 659 F.3d 208, 212-13 (2d Cir. 2011) (quoting New York v. Green, 420 F.3d 99, 104 (2d Cir. 2005)). However, a motion to amend may be denied for any of the following reasons: (1) undue prejudice to the non-moving party, (2) futility, (3) bad faith or dilatory motive, (4) repeated failure to cure deficiencies by previous amendments, and (5) undue delay. Burch v. Pioneer Credit Recovery, Inc., 551 F.3d 122, 126 (2d Cir. 2008); McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007). The party opposing amendment bears the burden of establishing that amendment would be inappropriate. Allison v. Clos-ette Too, L.L.C., No. 14 Civ. 1618, 2015 WL 136102, at *2 (S.D.N.Y. Jan. 9, 2015); Ferring B.V. v. Allergan, Inc., 4 F. Supp. 3d 612, 618 (S.D.N.Y. 2014). The court has broad discretion over motions to amend. See McCarthy, 482 F.3d at 200.

4

A.   <u>Undue Prejudice</u>

"Prejudice is one of 'the most important reasons for denying a motion to amend.'" <u>Baez v. Delta Airlines, Inc.</u>, No. 12 Civ. 3672, 2013 WL 5272935, at *7 (S.D.N.Y. Sept. 18, 2013) (quoting <u>Berman v. Parco</u>, 986 F. Supp. 195, 217 (S.D.N.Y. 1997)).  Undue prejudice arises "when an amendment [comes] on the eve of trial and would result in new problems of proof," <u>Ruotolo v. City of New York</u>, 514 F.3d 184, 192 (2d Cir. 2008) (alteration in original) (quoting <u>State Teachers Retirement Board v. Fluor Corp.</u>, 654 F.2d 843, 856 (2d Cir. 1981)), or when a defendant would be compelled to expend significant additional resources, <u>AEP Energy Services Gas Holding Co. v. Bank of America, N.A.</u>, 626 F.3d 699, 727 (2d Cir. 2010).  Adding new, alternative claims to a complaint is not typically a basis for denial of a motion to amend.  <u>LSSi Data Corp. v. Time Warner Cable, Inc.</u>, No. 11 Civ. 7780, 2012 WL 933078, at *2 (S.D.N.Y. March 20, 2012).

The defendants assert that it would be unduly prejudicial for them to be required to respond to a rewritten complaint and pursue additional discovery.  (Defendants' Memorandum of Law in Opposition to Plaintiff's Motion for Leave to File Amended Complaint ("Def. Memo.") at 7-8).  However, the plaintiff's amended complaint merely streamlines the original complaint and adds alternative claims.  Both complaints name the same defendants and

allege the same substantive facts. (Compl. at 5-8; Amend. Compl., ¶¶ 4-21).[1]

Furthermore, although the defendants assert that they would need to re-depose the plaintiff and pursue "additional document disclosure" (Def. Memo. at 9), they do not specify the document disclosure required. For his part, the plaintiff asserts that further discovery is unnecessary. (Plaintiff's Memorandum of Law ("Pl. Memo.") at 10). There is no trial date and no pending dispositive motions, and the legal issues raised by the added claims are likely to overlap considerably with the original claims. "Indeed, 'allegations that an amendment will require the expenditure of additional time, effort, or money do not themselves constitute undue prejudice.'" Lin v. Toyo Food, Inc., No. 12 Civ. 7392, 2016 WL 4502040, at *2 (S.D.N.Y. Aug. 26, 2016) (quoting A.V.E.L.A. v. Estate of Monroe, 34 F. Supp. 3d 311, 318 (S.D.N.Y. 2014)). In any event, I will reopen discovery to the extent necessary, as I discuss further below.

B.  Futility

"An amendment to a pleading will be futile if a proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6)." Dougherty v. Town of North Hempstead Board of Zoning Appeals, 282

---

[1] The amended complaint adds a few minor facts; for example, Mr. Godoy -- before contacting Mr. Kartagener -- first contacted the Federal Defenders. (Amend. Compl., ¶ 10). None of the added facts are dispositive to the case.

6

F.3d 83, 88 (2d Cir. 2002); accord AEP Energy, 626 F.3d at 726. Accordingly, the court must accept all facts pled as true and construe them in the light most favorable to the plaintiff. See Panther Partners Inc. v. Ikanos Communications, Inc., 681 F.3d 114, 119 (2d Cir. 2012); Alexander Interactive, Inc. v. Adorama, Inc., No. 12 Civ. 6608, 2014 WL 113728, at *4 (S.D.N.Y. Jan. 13, 2014).

The defendants argue that the motion ought to be denied since the plaintiff pleads both contract and quasi-contract claims. (Def. Memo. at 11-12). A plaintiff cannot ultimately recover under both theories. MacDraw, Inc. v. CIT Group Equipment Financing, 377 F.3d 209, 213 (2d Cir. 2004). Furthermore, a plaintiff may not prosecute a quasi-contract claim where the existence of a contract is uncontested. Clark-Fitzpatrick, Inc. v. Long Island Railroad Co., 70 N.Y.2d 382, 389, 521 N.Y.S.2d 653, 656 (1987). However, a plaintiff may plead both quasi-contract and contract claims if the existence of an enforceable agreement is in dispute. Kalimantano GmbH v. Motion in Time, Inc., 939 F. Supp. 2d 392, 416 (S.D.N.Y. 2013); accord Hoyle v. Diamond, 612 F. Supp. 2d 225, 231 (W.D.N.Y. 2009); Zuccarini v. Ziff-Davis Media, Inc., 306 A.D.2d 404, 405, 762 N.Y.S.2d 621, 622 (2d Dep't 2003) ("Where . . . there is a bona fide dispute as to the existence of a contract, or where the contract does not cover the dispute in issue, a plaintiff may proceed upon a theory of quasi contract as well as breach of

contract, and will not be required to elect his or her remedies."). The existence of a contract is disputed here, and thus quasi-contract claims may be pled in the alternative.[2]

### 1. Unjust Enrichment Claim

"The essence of unjust enrichment is that a party has received a benefit or money at the expense of the other." Navana Logistics Limited v. TW Logistics, LLC, No. 15 Civ. 856, 2016 WL 796855, at *7 (S.D.N.Y. Feb. 23, 2016) (quoting Goldman v. Simon Property Group, Inc., 58 A.D.3d 208, 220, 869 N.Y.S.2d 125, 134 (2d Dep't 2008)). "To establish a claim for unjust enrichment under New York law, a plaintiff must show that: (1) defendant was enriched, (2) at plaintiff's expense, and (3) equity and good conscience militate against permitting defendant to retain what plaintiff is seeking to recover." Id. (quoting Diesel Props S.r.l. v. Greystone Business Credit II LLC, 631 F.3d 42, 55 (2d Cir. 2011)).

The plaintiff has alleged facts that satisfy the elements of unjust enrichment. Mr. Godoy contracted with and paid Mr. Stavis on December 9, 2009, yet Mr. Stavis later came into possession of Mr. Kartagener's separate fee. (Compl., ¶¶ 4, 23). Mr. Godoy never agreed that Mr. Stavis would be entitled to that fee.

---

[2] The defendants erroneously argue that since "[t]here is no dispute that GDB, and not Mr. Stavis, received the disputed money," the claims are futile at least as to Mr. Stavis. (Def. Memo. at 14). In fact, the plaintiff has alleged that Mr. Stavis received the money (Amend. Compl., ¶ 23), and a plaintiff's allegations in the complaint are to be taken as true.

8

(Compl., ¶¶ 26-29, 32). Mr. Stavis has not returned it, despite the fact that Mr. Godoy has repeatedly requested that he do so. (Compl., ¶¶ 28-29, 32).

      2.   <u>Money Had and Received</u>

To establish a claim for money had and received, the plaintiff must show that "(1) defendant received money belonging to plaintiff; (2) defendant benefitted from receipt of money; and (3) under principles of equity and good conscience, defendant should not be permitted to keep the money."[3] <u>Fischer</u>, 2016 WL 3181157, at *4 (quoting <u>Panix Promotions, Ltd. v. Lewis</u>, No. 01 Civ. 2709, 2002 WL 122302, at *2 (S.D.N.Y. Jan. 22, 2002)). "Traditionally, the remedy for money had and received is available if one man has obtained money from another, through the medium of oppression, imposition, extortion, or deceit, or by the commission of a trespass." <u>Id.</u> (quoting <u>Panix</u>, 2002 WL 122302, at *2).

The complaint alleges that Mr. Stavis came into possession of Mr. Kartagener's former retainer, and that Mr. Godoy did not agree that Mr. Stavis would be entitled to it. (Compl., ¶¶ 23, 30). Furthermore, the complaint alleges that Mr. Stavis falsely reassured Mr. Godoy that he would remit Mr. Kartagener's retainer,

---

[3] "The cause of action for money had and received 'is essentially identical to a claim of unjust enrichment.'" <u>Fischer v. Graham</u>, No. 15 Civ. 6414, 2016 WL 3181157, at *4 n.3 (S.D.N.Y. June 3, 2016) (quoting <u>Belda v. Doerfler</u>, No. 14 Civ. 941, 2015 WL 5737320, at *4, n.4 (S.D.N.Y. Sept. 30, 2015), <u>appeal dismissed</u> (Jan. 7, 2016) (collecting cases)).

9

but Mr. Stavis never returned it. (Compl., ¶¶ 23-24). Thus, the plaintiff has alleged facts that satisfy the elements of a money had and received claim.

### 3. Constructive Trust

A constructive trust "is the formula through which the conscience of equity finds expression. When property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest, equity converts him into a trustee." Counihan v. Allstate Insurance Co., 194 F.3d 357, 360 (2d Cir. 1999) (quoting Simonds v. Simonds, 45 N.Y.2d 233, 241, 408 N.Y.S.2d 359, 363 (1978)); see In re First Central Financial Corp., 377 F.3d 209, 213 (2d Cir. 2004). A constructive trust is a flexible equitable remedy. Counihan, 194 F.3d at 361.

There are four elements under New York law to establish a constructive trust: "(1) a confidential or fiduciary relationship; (2) a promise, express or implied; (3) a transfer of the subject res made in reliance on that promise; and (4) unjust enrichment." In re First Central, 377 F.3d at 212 (quoting United States v. Coluccio, 51 F.3d 337, 340 (2d Cir. 1995)). "[A]lthough these factors provide important guideposts, the constructive trust doctrine is equitable in nature and should not be rigidly limited." Counihan, 194 F.3d at 362 (quoting In re Koreag, Controle et Revision, S.A. v. Refco F/X Associates, Inc., 961 F.2d 341, 352

(2d Cir. 1992)). "What the New York courts do insist upon is a showing that property is held under circumstances that render unconscionable and inequitable the continued holding of the property and that the remedy is essential to prevent unjust enrichment." Id. "Although the doctrine of constructive trust is a flexible remedy, a promise by Defendant in some form is an absolute requirement." Dobbs v. Dobbs, No. 06 Civ. 6104, 2008 WL 3843528, at *3 (S.D.N.Y. Aug. 14, 2008). The promise need not be explicit, but may be inferred from the circumstances. Id.

It is clear that Mr. Stavis and Mr. Godoy were in a fiduciary relationship, as Mr. Stavis was Mr. Godoy's lawyer. As for the second factor, although there was no explicit promise before the retainer was transferred to Mr. Stavis, it can be inferred that Mr. Stavis implicitly promised to transfer the retainer to Mr. Godoy. (Compl., ¶¶ 23-24); see Counihan, 194 F.3d at 362 (holding promise may be inferred from transaction itself). Third, although it appears on the face of the complaint that a transfer was not made to Mr. Stavis in reliance on a promise, "this deficiency should not be allowed to spawn an inequitable result. [The Second Circuit] impose[s] a constructive trust where the holder of legal title should not, in good conscience and equity, retain the benefits derived from such title." Id. at 362. Mr. Stavis had already contracted with Mr. Godoy to represent him on appeal, yet Mr. Stavis kept Mr. Kartagener's fee, which Mr. Godoy repeatedly

11

requested be returned. (Amend. Compl., ¶¶ 4, 29). Mr. Godoy never agreed to Mr. Stavis keeping Mr. Kartagener's retainer, and Mr. Stavis refuses to return the retainer. (Amend. Compl., ¶¶ 29-30). Under these facts, Mr. Stavis would be unjustly enriched, and it would be inequitable to allow Mr. Stavis to keep the retainer. See Skippers & Maritime Services, Ltd. v. KFW, No. 06 Civ. 7041, 2008 WL 5215990, at *4 (S.D.N.Y. Dec. 8, 2008).

To be sure, "New York courts have held that '[a]s an equitable remedy, a constructive trust should not be imposed unless it is demonstrated that legal remedy is inadequate.'" Usov v. Lazar, No. 13 Civ. 818, 2014 WL 4354691, at *11 (S.D.N.Y. Sept. 2, 2014) (alteration in original) (quoting In re First Central, 377 F.3d at 212). "When a plaintiff has a contractual claim against a defendant, there is no reason to believe that a legal remedy is inadequate and the constructive trust claim is duplicative." Id. (citing Northern Shipping Funds I, LLC v. Icon Capital Corp., 921 F.Supp.2d 94, 107 (S.D.N.Y. 2013)). Furthermore, "[f]or restitution to lie in equity, the action generally must seek not to impose personal liability on the defendant, but to restore to the plaintiff particular funds or property in the defendant's possession." Great-West Life & Annuity Insurance Co. v. Knudson, 534 U.S. 204, 213 (2002).

But because the existence of a contract is not undisputed, it cannot yet be determined whether the plaintiff's legal claims will

be sufficient or whether an equitable remedy would need to be imposed.  See Speedfit LLC v. Woodway USA, Inc., 53 F. Supp. 3d 561, 580-81 (E.D.N.Y. 2014) (holding that where plaintiff pleads unjust enrichment and existence of contract is disputed, plaintiff may bring constructive trust claim).  Thus, Mr. Godoy's constructive trust claim is not futile.

    C.    Undue Delay

This motion to amend comes two years after the filing of the original complaint, and seven months after pro bono counsel appeared. The Second Circuit has repeatedly recognized that "[m]ere delay, . . . absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend."  Fluor Corp., 654 F.2d at 856; Rotter v. Leahy, 93 F. Supp. 2d 487, 497 (S.D.N.Y. 2000).  If, however, a motion to amend comes after a lengthy delay, "it is incumbent upon the movant to offer a valid explanation for the delay."  Deere v. Goodyear Tire and Rubber Co., 175 F.R.D. 157, 166 (N.D.N.Y. 1997).

The plaintiff attempts to excuse this delay, arguing that he had assumed, until the defendants asserted otherwise, that the case would hinge on whether the Stavis contract was modified to allow Mr. Stavis to keep Mr. Kartagener's retainer, and that there was therefore no need to plead quasi-contractual claims. However, this explanation is not satisfying, since if there was no modification of the Stavis contract, then there is no contract

13

regarding Mr. Stavis' retention of Mr. Kartagener's retainer, and the plaintiff's recourse would then necessarily be in quasi-contract. However, courts routinely grant leave to amend where the delay was much longer than two years, even without a satisfactory excuse. See Commander Oil Corp. v. Barlo Equipment Corp., 215 F.3d 321, 333 (2d Cir. 2000) (holding no abuse of discretion in grant of leave to amend after seven year delay, in absence of prejudice); Rachman Bag Co. v. Liberty Mutual Insurance Co., 46 F.3d 230, 235 (2d Cir. 1995) (giving leave to amend properly granted after four-year delay); Block v. First Blood Associates, 988 F.2d 344, 351 (2d Cir. 1993) (holding amendment allowed four years after complaint filed).

   D.   Bad Faith or Dilatory Motive

The defendants assert that the plaintiff is using amendment merely to gain a procedural advantage. (Def. Memo. at 9-10). "[T]he fact that a party may have had evidence to support a proposed amendment earlier in the litigation does not, in itself, give rise to an inference of bad faith." Randolph Foundation v. Duncan, No. 00 Civ. 1172, 2002 WL 32862, at *3 (S.D.N.Y. Jan. 11, 2002). Nevertheless, "the Court may deny a motion to amend when the movant knew or should have known of the facts upon which the amendment is based when the original pleading was filed, particularly when the movant offers no excuse for the delay." Lyondell-Citgo Refining, LP v. Petroleos, No. 02 Civ. 795, 2004 WL

14

2650884, at *2 (S.D.N.Y. Nov. 22, 2004) (quoting Berman v. Parco, 986 F. Supp. 195, 217 (S.D.N.Y. 1997)).

The plaintiff was unrepresented when he filed the original compliant. As noted, he assumed the case would hinge on whether the Stavis contract was modified, and only after the deposition of Mr. Stavis did the plaintiff realize that the defendants would assert that there is no valid agreement governing the dispute. Although that assumption was legally unsound, it does not suggest that this amendment is sought in bad faith or merely to delay the resolution of this action.

### E. Reopening Discovery

The defendants request that if the plaintiff's motion is granted, they be permitted to reopen discovery. Rule 16 of the Federal Rules of Civil Procedure allows a scheduling order to "be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The plaintiff has added new claims in the amended complaint, and the defendants have asserted that an additional deposition of the plaintiff and further document discovery are necessary. Discovery shall be re-opened for these purposes.

### Conclusion

For the reasons set forth above, the plaintiff's motion to amend the complaint (Docket No. 86) is granted. The defendants' request to reopen discovery is granted, and all additional fact

discovery shall be completed within sixty days of the date of this order.[4]

SO ORDERED.

*James C. Francis IV*

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated:   New York, New York
         October 4, 2016

Copies transmitted via ECF this date:

Michael Tremonte, Esq.
Noam Korati Biale, Esq.
Sher Tremonte LLP
80 Broad Street, Suite 1301
New York, NY 10004

Adam Michael Felsenstein, Esq.
David S. Douglas, Esq.
Gallet Dreyer & Berkey
845 Third Avenue
New York, NY 10022

David A. Robinson, Esq.
1540 Broadway, 24th Fl.
New York, NY 10036

---

[4] The plaintiff's motion for oral argument (Docket No. 89) is moot, and the Clerk of Court is requested to terminate the motion.