# MINTZ & GOLD LLP
ATTORNEYS AT LAW

STEVEN W. GOLD
STEVEN G. MINTZ*
ALAN KATZ
JEFFREY D. POLLACK*
ELLIOT G. SAGOR
IRA LEE SORKIN
LON JACOBS
STEVEN A. SAMIDE
SCOTT A. KLEIN
TERENCE W. McCORMICK***
ROBERT B. LACHENAUER
ROGER L. STAVIS
CHARLES A. ROSS**
RICHARD M. BRESLOW
BARRY M. KAZAN*
KEVIN M. BROWN
ALEXANDER H. GARDNER
HEATH LORING
PETER GUIRGUIS
ANDREW R. GOTTESMAN
MATTHEW S. SEMINARA
RYAN W. LAWLER*
ADAM K. BRODY
GABRIEL ALTMAN
ANDREW E. STECKLER
ALEX J. OTCHY*
CECE M. COLE
CARLI M. ABERLE

600 THIRD AVENUE
25TH FLOOR
NEW YORK, NEW YORK 10016

TELEPHONE (212) 696-4848
FACSIMILE (212) 696-1231

www.mintzandgold.com

SENIOR COUNSEL

JACK A. HORN
NOREEN E. COSGROVE
TIMOTHY J. QUILL, JR.
JULIA B. MILNE

OF COUNSEL

HONORABLE VITO J. TITONE (dec.)
 (NY State Court of Appeals 1985-1998)
HARVEY J. HOROWITZ (dec.)
HONORABLE HOWARD MILLER
 (NY Appellate Div. 1999-2010 [ret.])
ERIC M. KUTNER
MARC B. SCHLESINGER*
NEAL M. GOLDMAN
ANDREW P. NAPOLITANO°

°ADMITTED TO PRACTICE ONLY BEFORE ALL
 COURTS IN NEW JERSEY AND ALL FEDERAL COURTS
 IN NEW YORK CITY

*ALSO ADMITTED IN NEW JERSEY
**ALSO ADMITTED IN FLORIDA
***ALSO ADMITTED IN CALIFORNIA

August 12, 2021

<u>Via e-mail and ECF</u>
Hon. Paul A. Engelmayer
United States District Court
40 Foley Square
New York, New York 10007

    Re:    Moreno-Godoy v. Gallet Dreyer & Berkey, LLP
            <u>Docket Number 14-CV-7082 (PAE)</u>

Dear Judge Engelmayer:

       The purpose of this letter is to oppose the motion of my counsel, Gallet Dreyer & Berkey, LLP ("GDB"), to withdraw from further representation in the above-referenced matter. After accepting the entirety of the fee which is in dispute in this action and representing me for the 7 year period of the pendency of this action, GDB has decided that, having just provided this Court with a schedule for trial only a few short weeks away, now is the perfect time to sever ties as my counsel. While ordinarily a client would not want a lawyer who does not want to represent him, in this instance, my interests and those of GDB are so inextricably intertwined and so perfectly aligned, that if GDB hopes to prevail at trial, I too must prevail. There thus exists no conflict or other legal ground for the instant motion to withdraw. This is readily apparent from the letter and affidavit submitted on GDB's behalf by my friend, colleague and former partner, David S. Douglas, who has represented me in this action for the past 7 years.

MINTZ & GOLD LLP
ATTORNEYS AT LAW

June 10, 2021
Page 2

Taking the "grounds" for the motion in sequence, GDB first cites: "…the nature of underlying allegations asserted in this action, including allegations that Mr. Stavis personally engaged in wrongful conduct." Douglas Letter at p. 1. This "ground" was the basis for the law suit Plaintiff filed in 2014. Nothing has changed regarding the so-called "wrongful conduct" in replacing prior counsel for Plaintiff when he could not obtain a security clearance, drafting the appellate briefs, orally arguing the appeal and depositing with GDB the fee for doing all of this work. Indeed, right up to the present moment, GDB has taken the position that I – and thus they – did nothing wrong. The decision of the Second Circuit requiring that the case go to trial, is the only difference. GDB's representation of me throughout – facing identical allegations the entire time – belies its claim that it is for some reason justified in withdrawing on the eve of trial.

Turning next to the "ground" that: "Mr. Stavis is no longer a partner of or otherwise affiliated with GDB…" [Douglas Letter at p. 1], this is utterly irrelevant to GDB's further representation. Indeed, GDB has continued to actively represent me in this action in the years since I left the partnership including, most recently, before the Second Circuit on the appeal in this action. What is relevant is that I was a partner of GDB at the time the cause of action arose and, as a partner, turned the fee at issue over to the firm. As GDB itself put it in its Memorandum of Law in support of its summary judgment motion (Docket #116, p. 18): "There is no dispute that GDB was, at all relevant times a registered limited liability partnership, and that Stavis was a partner of GDB. There is also no dispute that Stavis acted, at all times, as a partner of GDB, and is not a signatory to the retainer letter in his personal capacity. Moreover, the $100,000 provided to Kartagener, and ultimately transferred to GDB, was paid into GDB operating accounts." Just as there was no dispute then, there is no dispute now.

The next "ground" is: "the state of the current relationship between Mr. Stavis and members of GDB." Douglas Letter at p. 1. Other than the fact that I no longer work at the firm, I am unaware of what this refers to. I have been working and continue to work collaboratively with the members of the firm with regard to the instant matter. I would also note parenthetically that on July 28th, just two short weeks ago, I happily attended a GDB reunion with current and former GDB attorneys, which had been organized by GDB's office manager, Regina Haas.

GDB also cites "certain recent communications with Mr. Stavis" (Douglas Letter at p.1) as compelling GDB to withdraw. The only substantive communication I had with Mr. Douglas following the July 30th decision of the Second Circuit occurred on August 4th. In a telephone conversation, Mr. Douglas and I discussed the Second Circuit decision, its impact on a trial, and potential settlement. Significantly, we both agreed on strategy and never once did Mr. Douglas raise the potential for GDB withdrawing from further representation. When he did so in a subsequent email this past Monday, August 9th, I responded simply: "I received your email. I will not consent to your firm's withdrawal as my counsel." In sum, there is nothing in our "recent communications" to warrant GDB's withdrawal as my counsel.

Finally and inexplicably, Mr. Douglas cites New York Professional Responsibility Rule 1.7(a)(2) alleging "…a significant risk that the lawyer's professional judgment will be adversely

MINTZ & GOLD LLP
ATTORNEYS AT LAW

June 10, 2021
Page 3

affected by the lawyer's own financial, business, property, or other personal interest." Tellingly, GDB refuses to articulate for this Court the nature of those "significant risks," or how they can possibly impact the firm's representation of me in this case. Of course, also missing is any possible explanation of how those risks changed from the risks 7 years ago, when GDB first began to represent me in this matter.

At the end of the day, GDB's motion is nothing more than an expression that it prefers not to represent me. Other than the Second Circuit decision and the disappointment which both GDB and I share, there has been no substantive change since the day in 2014 when GDB undertook to represent me. GDB has cited no legal basis for the motion to withdraw. It is very late in the day. Trial will soon be upon us. The prejudice to me which would result from granting this untimely and baseless motion is readily apparent. For all these reasons, GDB's application to withdraw should be denied.

Respectfully submitted,

Roger L. Stavis

cc: All Counsel (via email and ecf)